Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,

                                        Plaintiff,

            -against-

EUGENE BUFORD; HELEN BUFORD;

                                        Defendant(s).
-------------------------------------------------------------------X

CERTIFICATE OF
MERIT AFFIRMATION
PURSUANT TO
CPLR 3012-B AND
SECTION NINE-X OF
THE BANKING LAW

       Alan Weinreb Esq. pursuant to CPLR §2106 and under the penalties of perjury, affirms as follows:

1.  I am an attorney at law duly licensed to practice in the state of New York and am affiliated with The Margolin & Weinreb Law Group, LLP, the attorneys of record for Plaintiff in the above-captioned mortgage foreclosure action.  As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2.  On March 30, 2021 I communicated with the following representative or representatives of Plaintiff, who informed me that he (a) personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith.

       Name: Priscilla Serrato       Title: Assistant Secretary

3.  Based upon my communication with Priscilla Serrato, as well as upon my own inspection, review and other reasonable inquiry under the circumstances, including, but not limited to the review of the facts of the case as well as of the underlying note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, I affirm that, to the best of my knowledge, information, and belief, there is a reasonable basis for the commencement of the within foreclosure action and that the Plaintiff is currently the creditor entitled to enforce the rights of said documents noted above. A copy of the note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, are annexed hereto.

4.  I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated:  June 23, 2021
      Syosset, New York

                         /s/ Alan H. Weinreb
                         Alan H. Weinreb, Esq.

Paul Piperato, County Clerk
1 South Main St Ste 100
New City, NY  10956
(845) 638-5221

# Rockland County Clerk Recording Cover Sheet

**Received From :**
EQUITY SETTLEMENT SERVICES
444 RTE 111
SMITHTOWN, NY  11787

**Return To :**
GRAND PACIFIC MORTGAGE CORP
10 SKYLINE DR
HAWTHORNE, NY  10532

**First GRANTOR**
BUFORD, EUGENE

**First GRANTEE**
GRAND PACIFIC MORTGAGE CORP

**Index Type : Land Records**

**Instr Number : 2006-00067779**

**Book :**            **Page :**

**Type of Instrument :** Mortgage
**Type of Transaction :** Mtg Type B

**Recording Fee :**            $66.00

**Recording Pages :**            13

The Property affected by this Instrument is situated in Clarkstown, in the County of Rockland, New York

### Mortgage Taxes

| | |
|---|---|
| **Property Located :** | Clarkstown |
| **Serial Number :** | CX12544 |
| **Mortgage Amount :** | $103,000.00 |

| | |
|---|---|
| **Basic Tax :** | $515.00 |
| **Local Tax :** | $0.00 |
| **Additional Tax :** | $279.00 |
| **Transportation Auth Tax :** | $257.50 |
| **SONYMA :** | $0.00 |
| **County Tax :** | $257.50 |
| **Total :** | $1,309.00 |
| **Total Fees :** | $1,375.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 12/22/2006

At (Recorded Time) : 11:00:51 AM

Doc ID - 017089390013

Paul Piperato, County Clerk



This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: NAM  Printed On : 12/29/2006  At : 11:40:10AM

After Recording Return To:
GRAND PACIFIC MORTGAGE CORP.

10 SKYLINE DRIVE

HAWTHORNE, NY 10532

Prepared By:

GRAND PACIFIC MORTGAGE CORP.

10 SKYLINE DR.

HAWTHORNE, NY 10532

*AN0710*

*267762143*

---

[Space Above This Line For Recording Data]          *23-1137*

# MORTGAGE

BUFORD
Loan #:
Serv #:                                    PIN:        SEC: 42,20 BLK 3 LOT 76
                                           MIN:

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Mortgage." This document, which is dated    December 1, 2006          , will be called the "Mortgage."

(B) "Borrower."  EUGENE BUFORD AND HELEN BUFORD, HIS WIFE

whose address is   1 NORLEN LANE, NEW CITY, NY 10956

will sometimes be called the "Borrower" and sometimes simply "I."

(C) "Lender."  GRAND PACIFIC MORTGAGE CORP.

will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of   NEY YORK           . Lender's address is   10 SKYLINE DR., HAWTHORNE, NY 10532

(D) "Note." The junior lien note signed by Borrower and dated December 1, 2006          , and extensions and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $103,000.00    plus interest, which I have promised to pay in full by January 1, 2037

(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the "Property."

NEW YORK – SECOND MORTGAGE – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS          FORM 3833
DOCUNY1
DOCUNY1.VTX  08/25/2005                    Page 1 of 11

B-CLA-1

(F) "MERS." The Mortgage Electronic Registration System, Inc. will be called "MERS." MERS is a separate corporation that is acting solely as nominee for Lender [as defined in (C) above] and Lender's successors and assigns. MERS is a corporation which exists under the laws of Delaware. The address and telephone number of MERS are P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679 MERS.

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS, (solely as nominee for Lender and Lender's successors and assigns), subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by me in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my promises and agreements under this Mortgage.

With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is known as the "homestead exemption". A homestead exemption is a property owner's right to keep a portion of his property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a homestead exemption.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the following Property:

(A) The property which is located at   1 NORLEN LANE, NEW CITY

[Street, City]

New York 10956        . This Property is in . ROCKLAND
        [Zip]

County in the State of New York. It has the following legal description:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS EXHIBIT 'A'.

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;

(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";

(D) All rents or royalties from the property described in paragraph (A) of this section; and

(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.



It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWERS OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

ι I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## UNIFORM PROMISES

I promise and I agree with Lender as follows:

1.  **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**

    I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2.  **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**

    **(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance**

    I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so, or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

    The amount of each of my payments under this Paragraph 2 will be the sum of the following:

    (i)   One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

    (ii)  One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

    (iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

    Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

    The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

    **(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance**

    Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

    Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totaling

assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

## 3. APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A) First, to pay the amounts then due to Lender under Paragraph 2 above;

(B) Next, to pay interest then due under the Note; and

(C) Next, to pay principal then due under the Note.

## 4. BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY

I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

## 5. BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY

I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender

will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

## 6. BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

## 7. LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

## 8. LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

## 9. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

## 10. BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

## 11. CONTINUATION OF BORROWER'S OBLIGATIONS

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

## 12. CONTINUATION OF LENDER'S RIGHTS

Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

## 13. LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS

Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

## 14. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS

Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

## 15. AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE

Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.




### 16. LAW THAT GOVERNS THIS MORTGAGE

The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs", "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

### 17. BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE

I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

### 18. REHABILITATION LOAN AGREEMENT

I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

### 19. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

### NON UNIFORM PROMISES

I also promise and agree with Lender as follows:

### 20. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS

If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment In Full."

If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:



(A) I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B) Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:

    (i)  The promise or agreement that I failed to keep;

    (ii)  The action that I must take to correct that failure;

    (iii) A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;

    (iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;

    (v)  That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and

    (vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

## 21. BORROWERS RIGHT TO HAVE LENDERS LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A) I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

## 22. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those

rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

### 23. LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL

When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

### 24. AGREEMENTS ABOUT NEW YORK LIEN LAW

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

### 25. BORROWER'S STATEMENT REGARDING THE PROPERTY. Check box(es) as applicable.

☒ This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.

☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:                [Check box as applicable]

☐ Adjustable Rate Rider      ☐ Balloon Rider                                    ☐ 1-4 Family Rider
☐ Condominium Rider         ☐ Planned Unit Development Rider       ☐ Second Home Rider
☐ Bi-Weekly Rider              ☐ Other(s) [specify]

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage I agree to all of the above.

_Eugene Buford_                    12/1/06
Borrower - (EUGENE BUFORD - Date -

_Helen Buford_                     12/1/06
HELEN BUFORD - Date -

Witnesses:

DOCLTNY16
DOCUTNTA.VTX  08/25/2005

Page 10 of 11

*(Sign Original Only)*
FORM 3833

STATE OF NEW YORK )
) SS.
County of Rockland )

On the _____ day of December in the year 2006 before me, the undersigned, a notary public in and for said state, personally appeared

_Eugene Buford_
_Helen Buford_

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) _____ subscribed to the within instrument and acknowledged to me that executed the same in _____ capacity(ies), and that by _____ signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

My Commission Expires: _____

Tax Map Information:    SEC: 42,20 BLK 3 LOT 76

ANN MARIE VITIELLO
Notary Public - State of New York
No. 01VI6117851
Qualified in Westchester County
My Commission Expires 11-1-20__

**SCHEDULE "A"**

23-00000912

All that certain plot, piece or parcel of land with the Buildings
and Improvements thereon erected, situate, lying and being at or
near New City, in the Town of Clarkstown, County of Rockland and
State of New York, known and designated as Lot I, on a map
entitled, "Map of Property of L. Davis", made by Rockland Bergen
Surveyors, dated May 22, 1959, and filed August 21, 1959, in the
Office of the Clerk of Rockland County in Book 60 of Maps page
53, as Map #2693.

SECTION:  42-20   BLOCK:  3   LOT:  76

SAID PREMISES WILL BE IMPROVED BY
A ONE OR TWO FAMILY DWELLING ONLY

serv #:

# NOTE

BUFORD
Loan #:
MIN:

December 1, 2006          HAWTHORNE                          , New York
Date                      City
1 NORLEN LANE NEW CITY, NY 10956

Property Address

1.    BORROWERS PROMISE TO PAY
      In return for a loan that I have received, I promise to pay U.S. $ 103,000.00          (this amount
will be called "principal"), plus interest, to the order of the Lender.  The Lender is GRAND PACIFIC MORTGAGE
CORP.

I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and
who is entitled to receive payments under this Note will be called the "Note Holder."

2.    INTEREST
      I will pay interest at a yearly rate of 11.625      %.
      Interest will be charged on unpaid principal until the full amount of principal has been paid.

3.    PAYMENTS
      I will pay principal and interest by making payments each month of U.S. $ 1,029.83
      I will make my payments on the 1st   day of each month beginning on February 1, 2007      .
I will make these payments every month until I have paid all of the principal and interest and any other charges,
described below, that I may owe under this Note.  If, on  January 1, 2037        , I still owe amounts
under this Note, I will pay all those amounts, in full, on that date.
      I will make my monthly payments at 10 SKYLINE DR., HAWTHORNE, NY 10532
                                                                                         or at a
different place if required by the Note Holder.

4.    BORROWER'S FAILURE TO PAY AS REQUIRED
      (A) Late Charge for Overdue Payments
      If the Note Holder has not received the full amount of any of my monthly payments by the end of
15    calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the
charge will be Two                                                                    percent of my
overdue payment, but not less than U.S. $ N/A     and not more than U.S. $ N/A        .  I will pay
this late charge only once on any late payment.
      (B) Notice from Note Holder
      If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a
written notice telling me that if I do not pay the overdue amount by a certain date I will be in default.  That date
must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after
the date on which it is delivered to me.
      (C) Default
      If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in
default.  If I am in default, the Note Holder may require me to pay immediately the full amount of principal
which has not been paid and all the interest that I owe on that amount.
      Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full
as described above, the Note Holder will still have the right to do so if I am in default at a later time.

NEW YORK – SECOND MORTGAGE – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT
DOCUNY!
MNE2ND17.VTX  08/25/2005                Page 1 of 3

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5.    THIS NOTE SECURED BY A MORTGAGE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated **December 1, 2006**                , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6.    BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7.    BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8.    GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9.    RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS**

REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

NOTICE TO BORROWER

Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

*Eugene Buford*                    12|1|04

— Borrower — EUGENE BUFORD — Date —

(Sign Original Only)

# GRAND PACIFIC MORTGAGE CORP.
## 10 SKYLINE DRIVE
### HAWTHORNE, NY 10532

ORIGINAL

## ALLONGE TO NOTE

| | |
|---|---|
| Allonge Dated: | 12/14/2006 |
| Note dated: | 12/01/2006 |
| In Favor of: | GRAND PACIFIC MORTGAGE CORP. |
| In the amount of : | $103,000.00 |
| Executed By: | EUGENE BUFORD |
| Pay to the order of : | WMC MORTGAGE CORP. |

Without Recourse

By: SCOTT KLEINBERG, SECRETARY

JENNIFER H. KRUCHER
Notary Public, State of New York
No. 02KR5028081
Qualified in Westchester County
Commission Expires May 23, 2013

AFFIDAVIT OF NOTE POSSESSION

Loan Number:

Borrowers: EUGENE BUFORD, HELEN BUFORD

Property Address: 1 NORLEN LANE, NEW CITY, NY 10956

STATE OF _____**Texas**_____ )
                                                          )ss.
COUNTY OF _____**Dallas**_____ )

_____**Priscilla Serrato**_____, being duly sworn deposes and says:

1.   I am _____**Assistant Secretary**_____of Fay Servicing, LLC ("Fay"), as attorney in fact for Empire Community Development, LLC ("Empire"), the Plaintiff in this foreclosure action. As such, I am authorized to sign this affidavit on behalf of Empire.

2.   In the regular performance of my job functions, I have access to, have acquired personal knowledge of, and am fully familiar with the facts and circumstances hereinafter set forth within this Affidavit, based upon my review of the business records defined herein below.  I am competent to testify about such facts and would do so if I appeared as a witness in the above-entitled action.

3.   I have personal knowledge of Fay's records and record making practices, and how such records are made, used and kept. Fay is responsible for maintaining the books and business records (hereinafter referred to as the "Records") in its up-to-date electronic record-keeping system pertaining to the mortgage account of Eugene Buford and Helen Buford and the servicing of said mortgage loan (hereinafter the "Loan"). The Records document activity, occurrences, events, and transactions (hereinafter referred to as the "Transactions") conducted by Fay, and it is in the ordinary course of business practice of Fay to make such Records.

4.  The Records are manually entered and documented by a person, with personal knowledge, at the time of the Transaction as part of the duties of said person, or from information transmitted by a person with personal knowledge, under a duty to impart such information.

5.  It is Fay's regular course of business to keep and maintain these computerized Records. These Records include, but are not limited to, prior servicer records, which have been relied on and incorporated in the business records of Fay's account ledgers, data compilation, and electronically imaged documents.

6.  I make this affidavit based upon the aforesaid business records I have reviewed.

7.  On December 1, 2006, Eugene Buford executed and delivered to Grand Pacific Mortgage Corp., a Note bearing said date (hereinafter the "Note"), wherein and whereby Eugene Buford promised to repay to Grand Pacific Mortgage Corp., its successors or assigns, the principal sum of $103,000.00 with interest per annum as set forth in said Note. Annexed to the Complaint is a true copy of said Note with the endorsements and allonge affixed thereto that is in Fay's possession, on behalf of Empire.

8.  I have personally reviewed the Records, the collateral file, with corresponding original documents with regard to this Loan. I can attest that Fay, Empire, is in possession of the original Promissory Note with endorsements and allonge as affixed thereto, on behalf of Empire.

9.  Empire is the owner and holder of the Note, with all corresponding allonges. Said Note was    and    is    held    in    Fay's    office,    on    behalf    of    Empire,    located    at
_1601 LBJ FRWY, STE 150_
_Farmers Branch, Texas 75234_ , where it remains today.

10. Thus, I am able to confirm that Fay has possession of the original Note, on behalf of Empire, prior to and at the commencement of this action.

**Fay Servicing, LLC,** as attorney in fact for
Empire Community Development, LLC

By: _____
Title:       Priscilla Serrato
      Assistant Secretary

ACKNOWLEDGMENT

State of **Texas** )
County of **Dallas** )ss.

On the **17** day of **June** in the year **2021** before me, the undersigned, personally appeared **Priscilla Serrato**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of **Farmers Branch** State of **Texas** .

_____
Notary Signature
      **Karin Collins**

KARIN COLLINS
My Notary ID # 130551614
Expires February 23, 2024

**Paul Piperato, County Clerk**
1 South Main St., Ste. 100
New City, NY 10956
(845) 638-5070

# Rockland County Clerk Recording Cover Sheet

**Received From :**
PARTNERS FOR PAYMENT RELIEF LLC
3748 W CHESTER PIKE STE 103
NEWTOWN SQUARE, PA 19073

**Return To :**
PARTNERS FOR PAYMENT RELIEF LLC
3748 W CHESTER PIKE STE 103
NEWTOWN SQUARE, PA 19073

**Method Returned : ERECORDING**

**First GRANTOR**

GRAND PACIFIC MORTGAGE CORP

**First GRANTEE**

EMPIRE COMMUNITY DEVELOPMENT LLC

**Index Type :** Land Records

**Instr Number : 2019-00022829**          **Orig Instr #: 2006-00067779**
**Book :**          **Page :**

**Type of Instrument :** Assignment Of Mortgage
**Type of Transaction :** Asmt-Release
**Recording Fee:**          $50.50

**Recording Pages :**          2

---

**Recorded Information**

State of New York

County of Rockland

I hereby certify that the within and foregoing was
recorded in the Clerk's office for Rockland County,
New York

On (Recorded Date) : 08/14/2019

At (Recorded Time) : 11.41:00 AM

Paul Piperato, County Clerk

PREPARED BY:
C. R. Hall
RETURN TO:
Empire Community Development, LLC
920 Cassatt Road, Suite 210
Berwyn PA 19312

## Assignment of Mortgage                      Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR GRAND PACIFIC MORTGAGE CORP. ITS SUCCESSORS AND ASSIGNS  P.O. Box 2026, Flint, MI 48501-2026, 1901 E. Voorhees Street, Suite C, Danville IL 61834 (Assignor) by these presents does assign, and set over, without recourse, to EMPIRE COMMUNITY DEVELOPMENT, LLC  920 Cassatt Road, Suite 210, Berwyn PA 19312 (Assignee) the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **EUGENE BUFORD AND HELEN BUFORD, HIS WIFE** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) AS NOMINEE FOR GRAND PACIFIC MORTGAGE CORP. ITS SUCCESSORS AND ASSIGNS.     Said mortgage dated 12/1/2006 is recorded in the State of NY, County of Rockland on 12/22/2006 as Instrument # 2006-00067779 AMOUNT: $ 103,000.00    *NO ASSIGNMENTS OF RECORD*
Property Address: 1 NORLEN LANE, NEW CITY, NY 10956

This Assignment is not subject to the requirements of Section 275 of the Real Property law, because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed by its proper signatory. Executed on: 4-29-19
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR GRAND PACIFIC MORTGAGE CORP. ITS SUCCESSORS AND ASSIGNS

By: _____

Ronald Friedman, Assistant Secretary

BUFORD  PAS *19018672*

State of NY, County of Nassau

On 4-29-19 , before me, the undersigned, personally appeared Ronald Friedman, Assistant Secretary, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Nassau, State of NY.

_____

Notary public, Robin E Mayer
My commission expires: March 16, 2022

ROBIN E. MAYER
NOTARY PUBLIC, State of New York
No. 01MA4993422
Qualified in Nassau County
Term Expires March 16, 2022

267762143 MIN 100136300117737675 MERS Phone 888-679-6377
NY  Rockland  CAMG/SHER-ANSON-AOM/PPREMP/FBC RSH